**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3731-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAMONT T. RICHARDSON,

    Defendant-Appellant.

_____

Argued September 17, 2019 - Decided December 16, 2019

Before Judges Fisher, Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 10-03-0271.

Peter Thomas Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Peter Thomas Blum, of counsel and on the brief).

Monica Anne Martini, Assistant Prosecutor, argued the cause for respondent (Angelo J. Onofri, Mercer County Prosecutor, attorney; Monica Anne Martini, of counsel and on the brief).

PER CURIAM

In 2015, this court affirmed defendant Lamont T. Richardson's conviction for first-degree murder and other offenses but remanded for resentencing. State v. Richardson, No. A-1134-12 (App. Div. August 20, 2015) (slip op. at 38). Defendant was resentenced by another judge in 2016 to the same sixty-year term first imposed on the murder conviction, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Another panel of this court heard defendant's appeal on a sentencing calendar and again remanded for resentencing, this time "without consideration of aggravating factor one or of defendant's continuing assertion of innocence." The same judge re-sentenced defendant in 2017 in accordance with the second remand to a fifty-five-year NERA term. Defendant appeals, raising only one issue:

> THE PAROLE BAR OF APPROXIMATELY
> FORTY-SEVEN YEARS WAS CRUEL AND
> UNUSUAL PUNISHMENT BECAUSE THE COURT
> IMPOSED IT UPON A TWENTY-ONE-YEAR OLD
> OFFENDER WHILE REFUSING TO CONSIDER
> THE BEHAVIORAL SCIENCE THAT COUNSELED
> STRONGLY AGAINST IMPOSING IT UPON A
> PERSON OF THAT AGE. U.S. CONST. AMEND.
> VIII, XIV; N.J. CONST. ART. I, ¶ 12.

2

Defendant contends that had he been under eighteen when he murdered his ex-girlfriend, instead of over twenty-one, his parole disqualifier of forty-seven years "would be presumptively unconstitutional as cruel and unusual punishment." He asks, in essence, that we extend the holdings of Miller v. Alabama, 567 U.S. 460, 465 (2012), forbidding a mandatory life sentence without parole for juveniles under the age of eighteen at the time of their crimes and State v. Zuber, 227 N.J. 422, 446-47 (2017), which extended Miller's holding "to a sentence that is the practical equivalent of life without parole" and remand for resentencing as if he had been a juvenile when he committed the murder.

The facts are set out at length in our prior opinion and need not be repeated here. Suffice it to say, the State presented a mountain of evidence at defendant's trial that he tormented the victim for at least a year, hitting her, burning her clothes, and breaking into her apartment to vandalize her belongings, before strangling her to death when she finally ended their relationship for good. He then impersonated her, using her cell phone to invite two ex-boyfriends over for sex, leading one to discover her dead body.

Such a lengthy course of planned conduct, obviously designed by defendant to impress on the victim the consequences of rejecting him, would

not appear characteristic of the impetuosity and obliviousness to risks and consequences that mark children and support sentencing them differently from adults. See Zuber, 227 N.J. at 444-45 (discussing the mitigating qualities of youth represented by "the Miller factors," which must be considered in imposing a sentence on a juvenile that is the practical equivalent of life without parole).

We, however, have no need to consider those facts further. Defendant was over twenty-one years old when he murdered his ex-girlfriend, the mother of his infant daughter. Leaving aside whether defendant's forty-seven-year parole ineligibility term, which will end when defendant is sixty-eight, is the practical equivalent of life without parole, there is simply no legal basis for treating defendant as if he had been a juvenile, that is, under the age of eighteen, when he committed his crimes. See N.J.S.A. 2A:4A-22(a) (Code of Juvenile Justice definition of a juvenile as an individual under the age of eighteen).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3731-17T2